EMIL ELIAS ESMURDOC,

    Plaintiff,

        v.

ESTES EXPRESS LINES
CORPORATION,

    Defendant.

Civil Action No:

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Estes Express Lines Corporation[1] (hereafter "Estes") hereby provides notice of removal of this action to the United States District Court for the Southern District of Florida, from the Miami Dade County Circuit Court, and states as follows:

1.    Plaintiff filed this action in the Circuit Court for the Eleventh Judicial Circuit, Miami Dade County, on or about May 26, 2017. The Miami Dade County Circuit Court docketed the matter as Case No. 2017-012837-CA (the "State Court Action"). Defendant Estes was first served with a copy of the Complaint on June 7, 2017. A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A.

2.    The Complaint is an action to recover unpaid wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), under the Florida common law, and under a breach of agreement theory.

3.    Pursuant to 28 U.S.C. § 1441:

    (a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

---

[1] The Plaintiff has misnamed the Defendant in the above caption. The proper name of the Defendant is Estes Express Lines. So, to simplify this proceeding, the Defendant is identifying the correct legal entity for this response.

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4.   Additionally, pursuant to 28 U.S.C. § 1331, the District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5.   The Complaint alleges a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and this action is removable pursuant to 28 U.S.C. § 1441.

6.   This Court has supplemental jurisdiction over Plaintiff's claims under Florida state law pursuant to 28 U.S.C. § 1441(c).

7.   The United States District Court for the Southern District of Florida is the judicial district embracing the place where this case is pending. See 28 U.S.C. § 89(b).

8.   Plaintiff initiated this action in Miami Dade County, which is located within this Court's venue.

9.   Defendant was served with this Complaint on June 7, 2017. This Notice of Removal is timely filed with this Court within thirty (30) days after Defendant was served with the Complaint. See 28 U.S.C. § 1446(b).

10. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders, including the Complaint, that have been served on Defendant are attached to this Notice of Removal as Exhibit B.

11. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all attachments, is being filed in the Circuit Court for the Eleventh Judicial Circuit, Miami Dade County on this date.

WHEREFORE, Defendant hereby provides notice that Case No. 2017-012837-CA is removed from the Circuit Court for the Eleventh Judicial Circuit, Miami Dade County to this Court for all further proceedings.

Dated this 26th day of June, 2017.

s/Cathy Beveridge
Cathy Beveridge
Florida Bar No. 831018
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 229-8189
cathy.beveridge@bipc.com

**ATTORNEYS FOR DEFENDANT**

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing "Defendant's Notice of Removal" has been served via U. S. Mail and via Clerk of Court using the CM/ECF system which sends notification of such filing to the following counsel for Plaintiff:

Peter M. Hoogerwoerd, Esq.
Nathaly Lewis, Esq.
Remer & George-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130

*Attorneys for Plaintiff*

This 26th day of June, 2017.

s/ Cathy Beveridge

4850-0519-3290, v. 1

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

EMIL ELIAS ESMURDOC,

      Plaintiff,

vs.                         Case No.

ESTES EXPRESS LINES, CORPORATION

      Defendant.

_____/

## COMPLAINT

Plaintiff, EMIL ELIAS ESMURDOC ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, ESTES EXPRESS LINES, CORPORATION (hereinafter "ESTES EXPRESS"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and overtime wages, under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ESTES EXPRESS, is a Foreign Profit Corporation registered to do business in Florida. Defendant, ESTES EXPRESS, has, at all times material hereto, conducted substantial and continuous business within Miami Dade County, and is subject to the laws of the United States and the State of Florida.

1

5. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9. Plaintiff began working for Defendant on or about August 2014 to on or about December 2015 as a driver.

10. At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

2

12.     However, based on information and belief, payment for the hours worked was not at a rate of time and one-half the applicable regular rate and did not compensate him for all overtime worked.

13.     Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

14.     Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

## COUNT I
### Breach of Agreement

15.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16.     Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

17.     Plaintiff suffered damages as a result of Defendant's breach of said agreement.

        WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit*

18.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

19.     Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

3

20. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

21. Defendant accepted Plaintiff's services to Defendant.

22. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

23. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### <u>COUNT III</u>
#### *Unjust Enrichment*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

25. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

26. Defendant has knowledge of the services performed and provided by Plaintiff.

27. Defendant voluntarily accepted the services performed and provided by Plaintiff.

28. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

29. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

<u>**COUNT IV**</u>
*Wage & Hour Federal Statutory Violation*

30.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31.    This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32.    At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33.    Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated May 26, 2017.

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No.: 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# EXHIBIT "B"

Filing # 57015975 E-Filed 05/26/2017 06:14:41 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Emil Elias Esmurdoc</u>
Plaintiff
        vs.
<u>Estes Express Lines Corporation</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐     Business governance
  - ☐     Business torts
  - ☐     Environmental/Toxic tort
  - ☐     Third party indemnification
  - ☐     Construction defect
  - ☐     Mass tort
  - ☐     Negligent security
  - ☐     Nursing home negligence
  - ☐     Premises liability – commercial
  - ☐     Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐     Commercial foreclosure $0 - $50,000
  - ☐     Commercial foreclosure $50,001 - $249,999
  - ☐     Commercial foreclosure $250,000 or more
  - ☐     Homestead residential foreclosure $0 – 50,000
  - ☐     Homestead residential foreclosure $50,001 - $249,999
  - ☐     Homestead residential foreclosure $250,000 or more
  - ☐     Non-homestead residential foreclosure $0 - $50,000
  - ☐     Non-homestead residential foreclosure $50,001 - $249,999

- ☐     Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐     Malpractice – business
  - ☐     Malpractice – medical
  - ☐     Malpractice – other professional
- ☑ Other
  - ☐     Antitrust/Trade Regulation
  - ☐     Business Transaction
  - ☐     Circuit Civil - Not Applicable
  - ☐     Constitutional challenge-statute or ordinance
  - ☐     Constitutional challenge-proposed amendment
  - ☐     Corporate Trusts
  - ☐     Discrimination-employment or other
  - ☐     Insurance claims
  - ☐     Intellectual property
  - ☐     Libel/Slander
  - ☐     Shareholder derivative action
  - ☐     Securities litigation
  - ☐     Trade secrets
  - ☐     Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Non-monetary declaratory or injunctive relief;
    ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

    <u>4</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Peter M Hoogerwoerd</u>    FL Bar No.: <u>188239</u>
    Attorney or party                 (Bar number, if attorney)

    <u>Peter M Hoogerwoerd 05/26/2017</u>
    (Type or print name)                     Date

Filing # 57015975 E-Filed 05/26/2017 06:14:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

EMIL ELIAS ESMURDOC,

     Plaintiff,

vs.                   Case No.

ESTES EXPRESS LINES, CORPORATION

     Defendant.

_____/

## COMPLAINT

Plaintiff, EMIL ELIAS ESMURDOC ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, ESTES EXPRESS LINES, CORPORATION (hereinafter "ESTES EXPRESS"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and overtime wages, under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.    Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.    Defendant, ESTES EXPRESS, is a Foreign Profit Corporation registered to do business in Florida. Defendant, ESTES EXPRESS, has, at all times material hereto, conducted substantial and continuous business within Miami Dade County, and is subject to the laws of the United States and the State of Florida.

1

5.   Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

6.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9.   Plaintiff began working for Defendant on or about August 2014 to on or about December 2015 as a driver.

10.  At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11.  Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant was on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

2

12.     However, based on information and belief, payment for the hours worked was not at a
        rate of time and one-half the applicable regular rate and did not compensate him for all
        overtime worked.

13.     Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40)
        per week, as proscribed by the laws of the United States and the State of Florida.

14.     Defendant maintained complete control over the hours Plaintiff worked and the pay he
        was to receive.

## COUNT I
### Breach of Agreement

15.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14
        of this complaint as if set out in full herein.

16.     Defendant breached its agreement with Plaintiff by failing to pay the amount due to
        Plaintiff for services provided and performed under their agreement, and by not properly
        paying Plaintiff for all hours worked in violation of the laws of the United States and the
        State of Florida.

17.     Plaintiff suffered damages as a result of Defendant's breach of said agreement.

        WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement,
exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this
Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit*

18.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14
        of this complaint as if set out in full herein.

19.     Plaintiff has conferred a benefit onto Defendant by performing and providing services for
        Defendant.

3

20. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

21. Defendant accepted Plaintiff's services to Defendant.

22. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

23. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT III
### *Unjust Enrichment*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

25. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

26. Defendant has knowledge of the services performed and provided by Plaintiff.

27. Defendant voluntarily accepted the services performed and provided by Plaintiff.

28. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

29. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

4

## COUNT IV
### *Wage & Hour Federal Statutory Violation*

30.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31.    This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32.    At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33.    Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

5

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35.  At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36.  Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

6

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated May 26, 2017.

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No.: 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

7

Filing # 57119959 E-Filed 05/31/2017 02:51:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

EMIL ELIAS ESMURDOC,

      Plaintiff,

vs.                      Case No.2017-012837-CA

ESTES EXPRESS LINES, CORPORATION

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** ESTES EXPRESS LINES CORPORATION through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYES STREET
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

1

Filing # 57119959 E-Filed 05/31/2017 02:51:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

EMIL ELIAS ESMURDOC,

    Plaintiff,

vs.                          Case No.2017-012837-CA

ESTES EXPRESS LINES, CORPORATION

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** ESTES EXPRESS LINES CORPORATION through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYES STREET
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

             6/1/2017

CLERK                        DATE

*Natrice mida* 308631
(BY) DEPUTY CLERK

1

Filing # 57640016 E-Filed 06/12/2017 04:05:28 PM

## RETURN OF SERVICE

**State of Florida**            **County of MIAMI-DADE**                    **Circuit Court**

Case Number: 2017-12837-CA

Plaintiff:
**EMIL ELIAS ESMURDOC**

vs.

Defendant:
**ESTES EXPRESS LINES, CORPORATION**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 6th day of June, 2017 at 9:24 am to be served on ESTES EXPRESS LINES CORPORATION C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS ST, TALLAHASSEE, FL 32301.

I, Herman Mathers, do hereby affirm that on the 7th day of June, 2017 at 2:04 pm, I:

Served the within named CORPORATION by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me to CORPORATION SERVICE COMPANY as REGISTERED AGENT, by serving KARA STOVER as PROCESS CLERK authorized to accept service for registered agent.

I certify that I have no interest in the above action, that I am over the age of eighteen and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to F.S. 92.525(2), that I have read the foregoing document and that the facts stated in it are true.

_____

Herman Mathers
SPECIAL PROCESS SERVER #3

OJF SERVICES, INC.
13727 S.W. 152ND ST.
PMB# 354
MIAMI, FL 33177
(954) 929-4215

Our Job Serial Number: OJF-2017007349
Ref: 7349

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1l

Filing # 57119959 E-Filed 05/31/2017 02:51:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

EMIL ELIAS ESMURDOC,

    Plaintiff,

vs.

    Case No.2017-012837-CA

ESTES EXPRESS LINES, CORPORATION

    Defendant.

DATE: 6/7/17   TIME: 2:04 pm

INITIALS: H.M.   ID #: 3

### SUMMONS IN A CIVIL CASE

**TO:** ESTES EXPRESS LINES CORPORATION through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYES STREET
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/1/2017

CLERK          DATE

Natonie Micha 308631
(BY) DEPUTY CLERK

1

7349